**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 26-cv-1102-WJM

AMRIT PAL,

Petitioner,

v.

TODD LYONS, in his official capacity as Acting Director and Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement, *et al*.

Respondents.

---

**ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT**

---

Before the Court is Petitioner Amrit Pal's Motion for Attorney Fees Under the Equal Access to Justice Act ("Motion"). (ECF No. 15.) Respondents Todd Lyons, in his official capacity as Acting Director of U.S. Immigration & Customs Enforcement ("ICE"); Robert Hagan, in his official capacity as Field Office Director of ICE's Denver Field Office; and Juan Baltazar, in his official capacity as Warden of the Denver Contract Detention Facility, filed a response ("Response"). (ECF No. 16.) Pal did not file a reply.

For the reasons set forth below, the Motion is granted.

## I. BACKGROUND

In March 2026, Pal filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging the legality of his detention under 8 U.S.C. § 1225 of the Immigration & Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment. (ECF No. 1.) The Court granted the Petition and ordered Pal's immediate release from detention. (ECF No. 13 at 9.) By the same Order, the Court also granted

Pal leave to file a motion for attorney's fees to the extent he believed he had a good faith basis to seek them under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (*Id.* at 10.) Shortly after final judgment entered in Pal's favor, (ECF No. 14), he timely filed the Motion, seeking $4,500.00 in attorney's fees incurred litigating the Petition under the EAJA. (ECF No. 15.)

## II. ANALYSIS

### A. EAJA's Substantive Requisites

Under the EAJA, "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A); *see also Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025) (As used in the EAJA, "[t]he term 'any civil action' refers to civil actions of 'whatever kind,' " including "immigration habeas actions."). Said another way, a fee award is required under the EAJA "if (1) the petitioner is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Morales Lopez v. Baltazar*, 834 F. Supp. 3d 1193, 1201 (D. Colo. 2026).

The Government's sole argument in opposing Pal's attorney's fees request is that "Respondents' position on the merits of the petition—that Petitioner was subject to detention under § 1225(b)(2)(A) and therefore not entitled to a bond hearing—was substantially justified [under EAJA] for the reasons set forth in response to the Petition." (ECF No. 16 at 4.) The Court limits its analysis accordingly. For the reasons explained below, the Court disagrees with the Government.

It is clear the Government bears the burden of showing that its legal position was substantially justified. *See Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir.1995). To determine whether the government's position was substantially justified, courts must look at the "totality of the circumstances, as reflected in the record before the court." *United States v. Charles Gyurman Land & Cattle Co.*, 836 F.2d 480, 485 (10th Cir. 1987). "While the parties' postures on individual matters may be more or less justified," courts should treat the case "as an inclusive whole, rather than as atomized line-items." *Commissioner, Immigr. & Naturalization Serv. v. Jean*, 496 U.S. 154, 161–62 (1990). "The test for substantial justification in this circuit is one of reasonableness in law and fact." *Gilbert,* 45 F.3d at 1394.

Thus, the Government's position must be "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565 (1988). The Government's "position can be justified even though it is not correct." *Id.* at 566 n.2. Additionally, the Government's prelitigation actions and litigation position "are both relevant to the inquiry and both must be reasonable in fact and law." *Al-Maleki v. Holder*, 558 F.3d 1200, 1207 (10th Cir. 2009) (citation omitted).

Applying these principles, the Court concludes that the Government has failed to show that its position in this case—that section 1225(b), not section 1226(a), governed Pal's detention—was substantially justified. Indeed, the Court previously held in *Morales Lopez* that the Government's reliance on section 1225 was not substantially justified for EAJA purposes because "it is based on an abrupt, 'revised' interpretation of the relevant sections of the INA in July 2025, seemingly in an effort to accomplish the current administration's policy objectives—namely, meeting mass deportation quotas."

834 F. Supp. 3d at 1202; *see Garcia Abanil v. Baltazar*, 2026 WL 1758226, at *1–*4 (D. Colo. June 18, 2026). There, the Department of Homeland Security "originally classified Morales Lopez as 'an alien present in the United States who has not been admitted or paroled' pursuant to 8 U.S.C. § 1226(a)(6)(a)(i), only to then suddenly change its position . . . for seemingly no legitimate legal reason." *Morales Lopez*, 834 F. Supp. 3d at 1203. *Morales Lopez* involved facts substantially similar to those that Pal raised in the Petition.

After the Court's decision in *Morales Lopez*, the Tenth Circuit held in *Santillan Quiroz v. Mullin* "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." 180 F.4th 1226, 1237 (10th Cir. 2026). The Tenth Circuit explained that "[i]f the detention is civil and nonpunitive, like the immigration detention here, that reason must rise to the level of a 'strong special justification.' " *Id.* at 1249. It reasoned that "[a]dopting the Government's interpretation of § 1225(b)(2)(A) would pose grave constitutional problems because there is little justification, let alone a strong one, for detaining every one of the millions of unadmitted noncitizens in our country." *Id.* at 1249.

Furthermore, the Tenth Circuit observed that the Government's position "stems from a new and novel reading of old statutes." *Id.* at 1233. For decades, the Government's position and the courts' understanding of it was that "§ 1225 generally applies at the border while § 1226 applies in the country's interior." *Id.* at 1235. Despite that long-held understanding, the Government abruptly "reversed course" in its interpretation of sections 1225 and 1226 of the INA. *Id.* "The Supreme Court has

repeatedly rejected ahistorical and strained readings of old statutes to justify expansive executive power." *Salazar v. Noem*, 2026 WL 594606, at *1 (D. Neb. Mar. 3, 2026); *see Learning Res., Inc. v. Trump*, 607 U.S. 229, 231 (2026).

As this Court explained in an identical posture, the Government's about-face and its "reckless mass detention campaign has resulted in these individuals being forced to file thousands of habeas corpus petitions in federal courts across the country, dramatically increasing the already over-burdened caseloads of federal district and circuit courts across the land." *Morales Lopez*, 834 F. Supp. 3d at 1202; *see Santillan Quiroz*, 180 F.4th at 1235 (the Government's new interpretation "led to a wave of habeas petitions challenging the mandatory detention of unadmitted noncitizens based on the Government's newly minted interpretation.").

Thus, the Tenth Circuit's published decision in *Santillan Quiroz* gives the Court even greater legal authority to continue to hold that the Government's position in this case was not substantially justified. And while the Motion and the Response were filed before the *Santillan Quiroz* decision was issued, this is of no moment, given this Court's earlier analysis and decision in *Morales Lopez*.

Notwithstanding all of the above, the Government contends its position is substantially justified because it "has been adopted by judges throughout the country" and that "Courts of Appeals for the Fifth and Eighth Circuits have agreed with" its position. (ECF No. 16 at 4.) As the Court has previously explained, this contrary "authority does not foreclose its holding that the Government's position lacks substantial justification." *Morales Lopez*, 834 F. Supp. 3d at 1204. Indeed, while the Fifth and Eight Circuits may have adopted the Government's view, the overwhelming majority of

the circuits (the remaining numbered circuits) have rejected that view. *Guerrero Orellana v. Moniz*, --- F.4th ----, 2026 WL 2352042, at *1 (1st Cir. Aug. 13, 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 73 (2d Cir. 2026); *Buele Morocho v. Warden Phila. FDC*, --- F.4th ----, 2026 WL 2546223, at *7 (3d Cir. Aug. 28, 2026); *Lopez Garcia v. Guadian*, --- F.4th ----, 2026 WL 2661092, at *1 (4th Cir. Sept. 10, 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 732 (6th Cir. 2026); *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026); *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026); *Santillan Quiroz*, 180 F.4th at 1237; *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258, 1262 (11th Cir. 2026). *But see Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).

Most importantly, the Tenth Circuit disagreed with the Government's argument, instead explaining that "[t]he Fifth and Eighth Circuits . . . paid scant attention to the problem in their opinions adopting the Government's position." *Santillan Quiroz*, 180 F.4th at 1242. And the problem with the Government's position? Among other deficiencies, "it conflates ordinary and statutory meaning." *Id.* at 1241.

With all these considerations in mind, a reasonable person could only come to one conclusion: the Government's position is not substantially justified. Accordingly, the Court finds and concludes that attorney's fees under EAJA are available to Pal.

**B. Fee Amount**

Having concluded that Pal is entitled to an award of fees under the EAJA, the Court considers the appropriate fee amount.

The EAJA permits an eligible prevailing party to recover "*reasonable* attorney fees." 28 U.S.C. § 2142(d)(2)(A) (emphasis added). "The initial estimate of a

reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate," also called a lodestar calculation. *Taylor v. Colvin*, 2015 WL 2375907, at *2 (D. Colo. 2015)*; see also Scherffius v. Astrue*, 296 F. App'x 616, 619 (10th Cir. 2008). The party seeking the award bears the burden of persuading the Court that the amount is reasonable. *Taylor*, 2015 WL 2375907, at *2. But the determination of attorney's fees is ultimately discretionary, especially given the district court's close understanding of the litigation and desire to avoid frequent appellate review of factual matters. *Rocky Mountain Wild v. Vilsack*, No. 09-cv-01272-WJM, 2013 WL 3233573, at *4 (D. Colo. 2013).

As noted above, Pal requests that the Court award him $4,500.000 in attorney's fees for 17 hours of work his counsel expended litigating the Petition at a rate of $260.16 per hour. (ECF No. 15 at 2.) As a threshold matter, attorney's fees under the EAJA ordinarily "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). But the Court need not analyze whether Pal is entitled to a departure from the statutory cap because the Government explicitly stated it does not contest the amount of fees sought. (ECF No. 16 at 7.) The Government has thus waived any challenge to the reasonableness of the fee amount. *Richison v. Ernest Group, Inc.*, 634 F.3d 1123, 1127 (10th Cir. 2011) ("If the theory was intentionally relinquished or abandoned in the district court, we usually deem it waived and refuse to consider it.").

Furthermore, the Court finds that Pal's counsel has exercised proper billing judgment, as "Counsel expended significantly more time on this matter" than mentioned in the Motion. (ECF No. 15 at 2; *see* ECF No. 15-3 (itemized statement of attorney's fees showing that Pal's counsel spent 25 hours working on this matter).) *See Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005) (discussing principles courts should apply when evaluating the reasonableness of attorney hours).

Thus, the Court finds that the amount sought is reasonable, and will award Petitioner attorney's fees in the amount of $4,500.00.

## III. CONCLUSION

For all the reasons set forth above, the Court ORDERS as follows:

1. Petitioner's Motion for Attorney Fees Under the Equal Access to Justice Act (ECF No. 15) is GRANTED;

2. Pal is AWARDED attorney's fees under the EAJA in the total amount of **$4,500.00**; and

3. The Government is ORDERED to make such payment in full to Pal by no later than **October 30, 2026**.

Dated this 29th day of September, 2026.

BY THE COURT:

William J. Martinez
Senior United States District Judge